UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:10-CR-00108-JRG-CRW-1 |
| | ) | |
| RICKY BRYANT | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's pro se motion for compassionate release and appointment of counsel [Doc. 98] as supplemented by counsel [Doc. 100]. The United States opposes Defendant's motion [Docs. 102, 106, 107]. Also before the Court is Defendant's motion for status review [Doc. 105].

As a preliminary matter, Defendant's motion for appointment of counsel will be **DENIED as moot**. Pursuant to the Court's Standing Order, 19-01, the Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent Defendant, and the Federal Defender has submitted a supplement on Defendant's behalf [Doc. 100]. Defendant's motion for status review [Doc. 105] is rendered moot by the Court's instant memorandum and order and will also be **DENIED**.

For the reasons that follow, Defendant's motion for compassionate release [Doc. 98] will be **DENIED**.

I.      **BACKGROUND**

On June 8, 2011, a jury found Defendant guilty of bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and using, carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c)(1)(A)(ii) [Doc. 57]. The Court sentenced Defendant

to a total of 184 months of imprisonment [Doc. 84].  Defendant is presently housed at Ashland FCI.  *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (search by register number 43154-074) (last visited March 22, 2022).  According to the Bureau of Prisons ("BOP"), his projected release date is October 25, 2023.  *Id.*

Defendant moves for compassionate release based on the COVID-19 pandemic and his underlying health conditions, which he contends include "asthma which requires 3 inhalers, high blood pressure, high cholesterol, immune system issues and deterioration of his legs which requires [him] to use a walker on a daily basis" [Doc. 100, at 10].

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).  Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).  However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government.  *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate

release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. ANALYSIS

#### A. Exhaustion

The Government has expressly waived the exhaustion requirement in this case [Doc. 106, at 1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

#### B. Merits

##### 1. Extraordinary and Compelling Reasons

As mentioned above, Defendant seeks compassionate release based upon his medical conditions amid the COVID-19 pandemic [Docs. 98, 100]. Defendant is 71 years old [*see* Presentence Report ("PSR"), at 3] and suffers from high blood pressure, high cholesterol, asthma, and joint pain and back pain, as documented in his medical records [Doc. 107, at 68–70]. The CDC recognizes that older adults are at the highest risk of serious illness or death from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 22, 2022).

Of Defendant's conditions, the CDC recognizes that asthma, if moderate to severe, "can" increase the risk of serious complications from COVID-19. *Id.* The same is "possibly" true of hypertension. *Id.*

While Defendant may face an elevated risk of complications from COVID-19, the virus appears to be fairly well controlled at Defendant's prison. The BOP reports that Defendant's correctional facility currently has only one confirmed case of COVID-19 among the inmate population and zero confirmed cases among staff. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited March 22, 2022). Defendant's prison could experience an outbreak in the future, but "speculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release." *See, e.g.*, *United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"

Also, Defendant is fully vaccinated [Doc. 107, at 76, 132]. Medical records show that he received his second dose of the COVID-19 vaccine in March of 2021 [*Id.*]. The Court recognizes that breakthrough infections of COVID-19 can occur after vaccination. Even so, a defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). "[T]o the extent prisons do offer some unique challenges" such as social distancing, "the vaccine now significantly reduces the risks associated with COVID-19." *Id*.

4
Case 2:10-cr-00108-JRG-CRW   Document 108   Filed 03/28/22   Page 4 of 7   PageID #: 868

Given Defendant's vaccinated status and the absence of a COVID-19 outbreak at his prison, the Court does not find that Defendant's age and medical conditions amid the COVID-19 pandemic combine to create extraordinary and compelling reasons for release.

### 2. 18 U.S.C. § 3553(a) Factors

Even if the Court found that Defendant has shown extraordinary and compelling reasons for compassionate release, the 18 U.S.C. § 3553(a) factors do not support a sentence reduction. Under 18 U.S.C. § 3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>     . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

Most significantly, the seriousness of Defendant's offenses militates against release. According to evidence at trial, Defendant entered the National Bank of Tennessee, in Cosby, Tennessee, carrying a rifle covered by a towel [Presentence Report, ¶ 5]. Defendant threw a bag across the teller counter, striking a teller, and pushed the bank manager [*Id.*]. Defendant then pointed the rifle at two tellers and an elderly customer, repeatedly telling the tellers that he would kill them if they did not give him all the money [*Id.*]. Bank employees suffered substantial trauma

from this experience [*Id.* ¶¶ 13–14]. At sentencing, the Court considered the severity of Defendant's offense and found that an above-guidelines sentence was appropriate, despite Defendant's lack of a criminal record[1] [Statement of Reasons; Doc. 84]. The Court still finds that Defendant's offense was extremely serious, particularly due to the violence involved, and emphasizes the need for adequate deterrence, just punishment, and protection of the public from future offenses by Defendant.

When reviewing the § 3553(a) factors, this Court may consider the amount of time that a defendant has served on a sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this case, Defendant was sentenced to a total term of imprisonment of 184 months and his projected release date is October 25, 2023, approximately 19 months from now. Defendant has served a significant portion of his sentence, and the Court finds that Defendant's time served weighs somewhat in his favor.

Nevertheless, given the seriousness of his offense, the Court finds that the § 3353(a) factors weigh against granting compassionate release at this time. A sentence reduction in this case would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release and appointment of counsel [Doc. 98] is **DENIED** as to compassionate release and **DENIED as moot**

---

[1] Defendant's only conviction, apart from those in the instant case, was a conviction for interstate transportation of untagged fox pelts from 1982 [PSR, ¶ 33].

as to Defendant's request for appointment of counsel. Defendant's motion for status review [Doc. 105] is **DENIED as moot**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE